103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael K. BAILEY; Thomas L. Waters, Plaintiffs-Appellants,
v.
Melody TURNER, Warden, et al., Defendants-Appellees.
 No. 96-3221.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 2
 These pro se Ohio state prisoners appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive, and declaratory relief, Michael K. Bailey and Thomas L. Waters sued the director of the Ohio Department of Rehabilitation and Correction (Reginald Wilkinson); the warden of Ohio's London Correctional Institution (Melody Turner); the warden's administrative assistant (Linda Thomas); the deputy warden of programs (J.P. Wamsley); a hearing officer (R.K. Kelly); the chairman of the Rules Infraction Board at the Madison Correctional Institution (Captain Archie); two board members (Leroy Payton and Russell Parrish); and a prison unit manager (Jay Worley), in their individual and official capacities. The plaintiffs claimed that: 1) the defendants denied them due process of law in violation of the Fourteenth Amendment; and 2) the defendants denied them access to the courts in violation of the First Amendment.
 
 
 4
 The magistrate judge recommended dismissing the complaint. Upon de novo review, the district court adopted the magistrate judge's report and recommendation. The court dismissed plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court held that Sandin v. Conner, 115 S.Ct. 2293 (1995), required the conclusion that plaintiffs were not denied any constitutionally-guaranteed right to due process of law during the Rules Infraction Board proceedings because the Board did not deny them good time or impose any significant punishment. The district court also held that the complaint failed to plead facts which, if proved, would demonstrate that they have been denied access to the courts. Plaintiffs appeal that judgment.
 
 
 5
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). The court must construe the complaint in a light most favorable to the plaintiffs, accept all the factual allegations as true, and determine whether the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. Id.
 
 
 6
 Upon consideration, we conclude that the district court properly dismissed plaintiffs' complaint for the reasons set forth in the magistrate judge's report and recommendation dated December 19, 1995, as adopted by the district court in its order dated January 24, 1996.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation